IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00066-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**THOMAS WOHLMAN,**

       **Defendant.**

## MEMORANDUM

MR. THOMAS WOHLMAN, by and through undersigned counsel, Assistant Federal Public Defender Timothy P. O'Hara, respectfully requests that the Court consider this Memorandum in advance of the hearing set for January 27, 2022, at 1:30 p.m.

<u>Relevant Procedural History</u>

1. On May 12, 2021, the parties appeared before the Court and Mr. Wohlman admitted two violations of supervised release. *See* Doc. 44 – Attachment A, Transcript of 5/12/21 Hearing at pp. 7-8. The parties had come to an agreement in which the parties would recommend a five-month sentence of imprisonment, but that the sentence would be deferred for a year. *See id.* at pp. 9. The parties expressed their clear intent that the matter would only proceed to sentencing in the future *if Mr. Wohlman committed an additional violation of the terms of supervised release in the future. See id.* at p. 17 (AUSA Tonini: ". . . should he violate, he should receive – or at least the parties will recommend to Your Honor – a several-month sentence of imprisonment."). The Court agreed with the parties' approach. *See id.* at p. 19 (Court: ". . . if in this next year or anything I get more reports that you're in violation, as Mr. Tonini said, we're going to be back

here and we're all going to be looking at pretty significant time in prison."); *see also* p. 22 (Court: "If any violations occur during that year, the probation office will notify the Court, and we'll set a hearing to impose an appropriate sentence.")

2. Following the aforementioned hearing, the Court issued its "Order Continuing Supervised Release/Modifying Supervised Release Conditions and Continuing Sentencing." *See* Doc. 40. As part of the Order, the Court modified the terms of supervised release to include two additional requirements: 1) that Mr. Wohlman not threaten anyone and 2) that he "*participate in a sex-offense specific evaluation and/or treatment program at T.H.E.*[1] *or as approved by the probation officer.*" *See id.* (emphasis added).

3. On July 23, 2021, the probation department filed its "Addendum to the Supervised Release Violation Report." *See* Doc. 41. The probation department did not seek a petition for violation of the terms of supervised release and Mr. Wohlman was neither arrested nor served with a summons as would normally occur for a violation of supervised release under Federal Rule of Criminal Procedure 32.1. Instead, the probation department requested that a sentencing hearing be set "based on T.H.E.'s findings that [Mr. Wohlman] is not amenable for sex offender treatment." *See id.* This determination was made following a staffing between Ms. Tyrrell and the clinical director of T.H.E. *See id.* at p. 4. About one month later, the probation department similarly concluded that Mr. Wohlman was not "amenable for treatment based on the defendant's own poor conduct and presentation." *Id.* at p. 2.

---

[1] The full name of the agency is Teaching Humane Existence.

Defense Position

*Overview*

First, Mr. Wohlman complied with the terms of the supervised release and therefore no sentencing hearing should occur. He participated in the evaluation at T.H.E. as ordered by the Court and was willing to participate in their treatment program. His willingness to participate was further demonstrated on August 12, 2021, when he was evaluated and accepted into sex offense-specific treatment by therapist Mackenzie Shenk. *See* Doc. 44 – Attachment B (Intake Assessment Summary). Second, Ms. Tyrrell's report mischaracterizes the June 16, 2021, meeting between Mr. Wohlman and Ms. Tyrrell and contains numerous inaccuracies about how Mr. Wohlman presented himself for the meeting.

*Procedural Defect*

Rather than complying with Federal Rule of Criminal Procedure 32.1, the probation department filed its Addendum and attached an Exhibit – the Intake Summary written by Tanya Tyrrell from T.H.E. For an alleged violation of supervised release, however, Federal Rule of Criminal Procedure 32.1 requires that criminal defendants receive certain rights, including an initial appearance, an advisement regarding counsel, and if held in custody, a preliminary hearing. *See* F.R.Cr.P. 32.1. None of those things occurred in the present case after May of 2021.

*Mr. Wohlman Complied with the Terms of Supervised Release*

The information contained in the Intake Summary demonstrates that Mr. Wohlman complied with the terms of supervised release following the May 12th hearing before this Court. From Ms. Tyrrell's report, it is clear that Mr. Wohlman attended the required assessment at

3

T.H.E. *See id.* He arrived on time. *See id.* at p. 2. He answered all of Ms. Tyrrell's questions. He did not threaten anyone. *See id.* at p. 5 ("*While Mr. Wohlman did not directly make threatening statements*, his level of emotional volatility and labile mood are significant barriers to therapy.") (emphasis added). He demonstrated a willingness to participate in treatment. *See id.* at p. 5 ("I don't have any problem at all doing the class . . . I'm trying to do what's required of me because I'm trying to move on with my life.").

Unfortunately, Ms. Terrell and T.H.E. staff decided not to accept Mr. Wohlman into their treatment program. This decision was subjective[2] and was largely based on the prior evaluation from March of 2021, not the subsequent evaluation in June of 2021.[3] Mr. Wohlman was and is willing to participate in sex offender treatment. It is not his fault that T.H.E. was unwilling to accept him into their program.

Since that time, Mr. Wohlman has remained in compliance with all other terms of supervised release.

*The Inaccuracy of Ms. Tyrrell's Report*

Undersigned counsel also objects to the accuracy of Ms. Tyrrell's report, and will object to its admission into evidence at the upcoming hearing.[4] Specifically, undersigned counsel disputes the following statements relating to the June 2021 evaluation, i.e. that:

---

[2] Prior to T.H.E.'s decision not to allow Mr. Wohlman to attend treatment at their facility, the intake assessment was "staffed" with Ms. Tyrrell and the clinical director. *See* Doc. 41 – Exhibit A at p. 4. Mr. Wohlman was not present for this meeting and no notes have been provided to undersigned counsel.

[3] More than one entire page of Ms. Terrell's report focuses on information she learned during the March 2021 evaluation.

[4] While generally hearsay may be admissible in supervised release proceedings, under Federal Rule of Criminal Procedure 32.1(b)(2)(C), Mr. Wohlman is entitled to question any adverse witness "unless the court determines that the interest of justice does not require the witness to

      a) Mr. Wohlman appeared "agitated, tense, and angry" (page 1);

      b) that he was "consistently loud during the interview; he was yelling rather than talking in a normal tone" (page 1);

      c) he was "consistently loud, combative, and oppositional" (page 1);

      d) his response to a comment about his calm demeanor was to "become elevated, loud, and argumentative" (page 1);

      e) "[d]uring this intake interview and the intake interview in March 2021, this writer had coworkers express concern about the sessions with Mr. Wohlman because he could be heard in other offices.  Coworkers further expressed concern about his hostility and aggression, indicating that they considered entering the writer's office to ensure that safety concerns did not exist."[5] (page 1)

      f) he demonstrated "emotional volatility", had a "labile mood", and presented as "aggressive" (page 4);

      g) that he lacked insight into the abrasiveness and hostility of his engagement with others,

      h) that he demonstrated a "negative attitude and resentment" toward treatment;

      i) that he demonstrated "resistance to the therapeutic process";

      j) that he lacked "commitment to engage in conflict resolution and move forward"; and

      k) that he was "choosing to be combative and contrary."

This report should not provide the basis for a violation of supervised release.  Rather, Ms. Tyrrell should be required to testify about her observations and be subject to cross-examination.

---

appear."  It is undersigned counsel's understanding from speaking with the Assistant United States Attorney handling the present case that Ms. Tyrrell will be called as a witness to testify on January 27, 2022.

[5] This statement constitutes double hearsay and is a far cry from constituting reliable evidence as required under the balancing test described in the Federal Rules of Criminal Procedure.  *See United States v. Davis*, 802 Fed. Appx. 318, 319-320 (10th Cir. 2020) (unpublished); *see also* F.R.Cr.P. 32.1(b)(2)(C).

It is important to note that following his evaluation with T.H.E., Mr. Wohlman visited Ms. Shenk to see if she would accept him back into treatment. Ms. Shenk's Intake Assessment is very different than the report written by Ms. Terrell. According to Ms. Shenk, Mr. Wohlman "expressed a willingness to participate in sex offense-specific treatment again and reported a desire to complete the program." *See* Doc. 44 – Attachment B. He expressed frustration to her that he was not accepted into treatment with the other providers and accepted some accountability for his role in the struggles over the past year. *See id.* She found his stability, past treatment with her, and willingness to participate in sex offense-specific treatment as reasons why she would re-accept Mr. Wohlman into treatment. Ms. Shenk will be present at the hearing and prepared to testify about Mr. Wohlman's amenability for treatment. As the owner and operator of Mindful Growth and Healing, LLC, and with nine years of experience providing clinical services in the field of sex offender treatment, she is more than capable to provide Mr. Wohlman treatment services going forward. *See* Attachment A – CV of Mackenzie Shenk.

Conclusion

Mr. Wohlman did not violate the terms of supervised release following the May 2021 hearing. Even if the probation department believed he did, F.R.Cr.P. 32.1 was not followed. Regardless, he participated in an assessment at T.H.E. as instructed. He was objectively willing to participate in treatment. The agency's subjective decision that he was "not amenable to treatment" should not be the basis to send him back to prison, especially in light of a different, qualified therapist concluding the opposite.

WHEREFORE, undersigned counsel requests that the court find that the government has failed to meet its burden and that no violation post May 2021 has occurred. Mr. Wohlman should be placed back on supervision, with the terms of supervised release modified in order to allow him to attend sex offense-specific treatment with counselor Mackenzie Shenk.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/*Timothy P. O'Hara*
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Timothy_OHara@fd.org
Attorney for Defendant

*I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.*

*Timothy P. O'Hara*

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2022, I electronically filed the foregoing

    **MEMORANDUM**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Alecia Riewerts
    Assistant U.S. Attorney
    Email:  Alecia.Riewerts@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Thomas Wohlman (U.S. Mail)

    s/*Timothy P. O'Hara*
    TIMOTHY P. O'HARA
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Email:  Timothy.OHara@fd.org
    Attorney for Defendant